WADE *v.* DE HART ET AL.

*Partnership—Accounting and trusteeship—Realty in name of partner's father to secure advances to son—Father's title that of trustee for partnership, when—Evidence establishing parties to share losses in building operation partnership.*

1. In action for an accounting and declaration of trust in real estate, evidence that partnership arrangement was intended between plaintiff and defendant whereby defendant was to furnish money and plaintiff contribute his skill as builder, and that realty was placed in name of defendant's father without plaintiff's knowledge as security for advances being made by father to defendant, *held* to show that father was trustee holding property for benefit of partnership; statute of frauds not being set up by answer or demurrer.

2. In action for accounting and declaration of trust in realty, evidence that partnership arrangement was intended between plaintiff and defendant whereby defendant was to furnish money and plaintiff contribute his skill as builder, parties to share profits in venture and losses, though not definitely stated, *held* to show that plaintiff and defendant were partners in building operations.

(Decided May 31, 1927.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. H. E. Engelhardt,* for plaintiff.
*Mr. Scott Thompson* and *Mr. Wm. R. Collins,* for defendants.

BUCHWALTER, J.    The action is for an accounting and declaration of a trust in certain real estate.

Plaintiff, George C. Wade, alleged that in June, 1923, he entered into a partnership with James De Hart for the purpose of building and selling houses in the city of Norwood, Ohio; that said James De Hart had no knowledge of building or dealing in real estate; that James De Hart was to furnish the money, and the plaintiff, who was a practical builder, was to contribute his time, skill, and labor to such enterprise; that in pursuance of the agreement they purchased the parcel of real estate described in the petition, it being agreed that the title was to be taken in the name of said James De Hart; that a building was to be erected, and the premises sold; that James De Hart was to be reimbursed for all money advanced by him, and the balance of the sale price was to be equally divided between the parties, subject to any advancements made to plaintiff pending the construction of said building.

Plaintiff further averred that he, in good faith, entered upon the performance of his part of said contract, and was performing same up to September 22, 1923, when James De Hart refused to longer recognize him as a partner; that said James De Hart, in violation of the agreement, and with the intent to cheat, wrong, and defraud plaintiff, and

without plaintiff's knowledge, had the title to said real estate taken in the name of his father, Wood De Hart, one of the defendants herein.

It is further averred that James De Hart has taken possession of all assets of said firm, has refused to account, and that plaintiff has only received $291 from said partnership; that the defendants are about to dispose of said premises, and will dispose of same to defraud the plaintiff, unless restrained.

The prayer is for an accounting, and that Wood De Hart be declared a trustee for said property for the benefit of the partnership, and for other relief.

The defendant James De Hart denies generally all of the allegations of the petition. Wood De Hart denies the allegations of the petition, and avers that he is the sole owner of the premises in question and that the plaintiff has no interest therein.

The evidence discloses that the plaintiff and James De Hart had various conversations about entering into a partnership; that plaintiff located the lot, upon which James De Hart made a cash deposit and made a contract for the purchase of the lot in his name; that his father, Wood De Hart, who had never seen the lot in question, advanced the balance of the purchase price, and the deed was made to him without the knowledge of the plaintiff; that Wood De Hart advanced various sums to his son, James De Hart, to take care of the expenses connected with the erection of the house, and executed a mortgage on said premises, which he later paid off; that plaintiff drew the plans for the house, and continued to work until the house was ready

for plastering, when a dispute arose between the parties, and no further work was done by him.

The defendants claim that no partnership existed, and that plaintiff can have no interest in said real estate because the contract was not in writing.

It appears from the evidence that a partnership arrangement was intended by the parties. James De Hart was to furnish the money, and plaintiff to contribute his skill, knowledge, time, and labor to the enterprise. The evidence discloses further that both plaintiff and James De Hart negotiated for the supplies and material, and that there was to be a sharing of profits in the venture. It is contended that there was no evidence to show an agreement to share losses. This was not definitely stated, but, by the terms of the oral agreement, if the venture had been unsuccessful, plaintiff would have shared the losses, as the defendant James De Hart was to be first reimbursed for all money advanced.

Wood De Hart, the father, was advancing money to his son, who admitted he did not have the capital required. Wood De Hart had never seen the lot when purchased, nor had he seen the building as it was being erected. The real estate was placed in his name, without the knowledge of plaintiff, and to protect Wood De Hart for money advanced by him.

The defense of the statute of frauds was not set up either by answer or demurrer.

We find that James De Hart and plaintiff were partners in this transaction, and that said Wood De Hart is a trustee, holding the property for the benefit of said partnership.

A decree similar to the one entered in the court of common pleas may be entered here, and the cause

remanded to the court of common pleas for an accounting.

*Decree for plaintiff.*

HAMILTON, P. J., and CUSHING, J., concur.